HOOPER v. REMMEL, U. S. Marshal.

(Circuit Court of Appeals, Eighth Circuit. November 20, 1908.)

No. 2,777.

1. COURTS (§ 405*)—CIRCUIT COURTS OF APPEALS—JURISDICTION—CASES INVOLVING CONSTITUTIONAL QUESTIONS.

    Where an action in a Circuit or District Court involves, not only the constitutionality of an act of Congress, but also the construction and effect of state statutes, the defeated party may, at his election, take it for review to the Circuit Court of Appeals.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1099; Dec. Dig. § 405.*

    Jurisdiction in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

2. HABEAS CORPUS (§ 3*)—GROUNDS OF REMEDY—EXISTENCE OF OTHER REMEDY.

    Habeas corpus will not lie for the discharge of a person under arrest for an offense under a federal statute which gives him the right to a trial in which he can raise every question sought to be raised in the

habeas corpus proceedings and to a review of the judgment therein by the appellate court.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Appeal from the District Court of the United States for the Eastern District of Arkansas.

Ben S. Henderson, for appellant.

William G. Whipple and Powell Clayton, for appellee.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

ADAMS, Circuit Judge. This was an appeal from an order of the District Court of the United States for the Eastern District of Arkansas denying the petition of appellant, Hooker, for a writ of habeas corpus. The facts are: He was arrested on a warrant issued by a United States commissioner for the Eastern district of Arkansas, based on a complaint that he had violated the act of Congress approved April 20, 1904 (33 Stat. 187, c. 1400 [U. S. Comp. St. Supp. 1907, p. 533]). as amended by the act approved March 2, 1907 (34 Stat. 1218, c. 2516), by issuing a permit to bathe in the waters of the Hot Springs reservation at a time when he was not a registered physician. This act confers jurisdiction upon any United States commissioner duly appointed by the United States Circuit Court for the Eastern District of Arkansas and residing in that district to hear complaints of its violations and in case of conviction to impose the prescribed penalty. An appeal is provided for from the judgment of the commissioner to the United States District Court for the Eastern District of Arkansas. The act, among other things, provides for the registration of physicians in the office of the superintendent of the reservation and prohibits unregistered physicians from issuing permits for bathing.

The first question requiring consideration at our hands is whether this court has jurisdiction of the present appeal, or whether it should have been taken to the Supreme Court of the United States. Hooker was arrested by the United States marshal in accordance with the command of the warrant issued by the commissioner, and immediately thereafter, and before arraignment or trial, filed his petition in the court below for the writ of habeas corpus to secure his discharge. The petition challenged the constitutionality of certain provisions of the act of Congress empowering the Secretary of the Interior to determine what physicians should be registered, the validity of certain rules and regulations prescribed by the Secretary of the Interior for determining the qualifications and character of physicians seeking registration, and the legality of certain rules of procedure and practice prescribed by the United States District Court for the trial of alleged violations of the acts. The petition particularly charged that the medical board appointed by the Secretary of the Interior to determine qualifications of candidates for registration proceeded to take evidence without notice to him and heard evidence in his absence; that he had received a certificate from the state of Arkansas entitling him to practice his profes-

sion anywhere within the state, including the city of Hot Springs; that he did no act or issued no permit to bathe while physically on the reservation; and that as a result of these and many other things alleged in the petition he was not amenable to the provisions of the act of Congress or to the rules and regulations prescribed by the Secretary of the Interior.

From this analysis of the petition, it appears that the grounds relied upon by petitioner for his release involve, not only the constitutionality and validity of the act, but the construction and effect of state statutes, and the regularity and effect of proceedings taken to disqualify the petitioner from practicing on the reservation. If the case involved the constitutional validity of the act, or the construction or application of the Constitution of the United States, and nothing else, this court would have no jurisdiction of the appeal. It would have rested exclusively in the Supreme Court of the United States. Spreckels Sugar Refining Co. v. McClain, 192 U. S. 397, 407, 24 Sup. Ct. 376, 48 L. Ed. 496; Harris v. Rosenberger, 145 Fed. 449, 76 C. C. A. 225, 13 L. R. A. (N. S.) 762. But, as the case involves other questions not exclusively cognizable on appeal by the Supreme Court, the appellant had his election to bring it to this court, and it becomes our duty to entertain the appeal and dispose of it.

The petitioner was arrested and taken before a tribunal which had jurisdiction and power expressly conferred on it by Congress to hear and determine the charge made against him. From the judgment of that tribunal an appeal lay to the United States District Court for the Eastern District of Arkansas, and the judgment of that court, if adverse to him, could have been reviewed on writ of error by this court, or by the Supreme Court of the United States, as the questions involved dictated. In this way the law made ample provision for a full hearing of each and every issue of law or fact which the accused might invoke for his protection. He could have challenged in the course of the trial, either in the commissioner's court, or in the District Court, or both, the constitutionality of the act of Congress, the validity of the rules and regulations prescribed by the Secretary of the Interior, the regularity of the proceedings taken under them, or the applicability of the law, whether state or national, to the facts of his individual case. In other words, he could have tried in those courts every issue of law or fact now sought to be tried in this proceeding by habeas corpus, and finally, in case of conviction, the law afforded him an adequate provision to secure a re-examination of any alleged errors in the appellate courts of the land.

In such circumstances we conclude that appellant has mistaken his remedy. Instead of proceeding under the habeas corpus act, he should have gone to trial on the complaint made against him, and invoked in his defense the several matters relied on in support of his present petition for the writ of habeas corpus. If the District Court had adjudged him guilty, his appropriate remedy was to sue out a writ of error from the proper appellate court to secure a re-examination of the legal questions involved. This we understand to be the general rule, subject to rare and exceptional cases, as laid down and repeatedly affirmed

by the Supreme Court in the following cases: In re Lancaster, 137 U. S. 393, 11 Sup. Ct. 117, 34 L. Ed. 713; In re Chapman, 156 U. S. 211, 15 Sup. Ct. 331, 39 L. Ed. 401; New York v. Eno, 155 U. S. 89, 15 Sup. Ct. 30, 39 L. Ed. 80; United States v. Sing Tuch, 194 U. S. 161, 168, 24 Sup. Ct. 621, 48 L. Ed. 917; Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303; Pettibone v. Nichols, 203 U. S. 192, 27 Sup. Ct. 111, 51 L. Ed. 148; Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760; Ex parte Simon, 208 U. S. 144, 28 Sup. Ct. 238, 52 L. Ed. 429.

The order of the District Court, denying the petition of appellant, was right, and is affirmed.