# IN THE MATTER OF THE APPLICATION OF SU YEN HOON for a Writ of _Habeas Corpus._

## September 10, 1910.

_Chinese exclusion law—Finding of Department of Commerce and Labor on question of citizenship conclusive when:_   The decision of an inspector, affirmed on appeal by the Secretary of the Department of Commerce and Labor, on a question of citizenship, after a fair hearing, is conclusive in the absence of any showing of abuse of authority or mistake of law.

_Habeas Corpus._

_Castle & Withington,_ Attorneys for the Petitioner.
_R. W. Breckons,_ U. S. Attorney, for the Respondent.

ROBERTSON, J.   The petition in this case avers, in substance, that petitioner was born at Honolulu, Hawaii, on or about November 25, 1880; that his parents, who have since died, were at that time residents of Honolulu; that he is a citizen of the United States; that he has resided in China since the year 1887 until June 10, 1910, when he returned to Honolulu claiming the right to land.   It is also alleged that petitioner is possessed of two certificates of Hawaiian birth which he presented to the inspector of immigration together with evidence of his identity; that a hearing was had before such inspector but no evidence was introduced to show that the certificates had been procured by fraud or false evidence; that the inspector arbitrarily decided that petitioner was not entitled to enter the United States; and that an appeal was taken to the Secretary

of Commerce and Labor which was dismissed.   It is further alleged that the inspector in preparing the record on appeal set out in capital letters those portions of the testimony which, in his judgment, were unfavorable to petitioner's right to admission into the country, while those portions of the evidence which tended to show that he had a right to enter were set forth in the ordinary form of type; that he is about to be sent back to China, and that he is restrained of his liberty by Raymond C. Brown, Inspector in Charge of the Immigration Service of the United States, in violation of his rights as a citizen of the United States.

The return to the writ shows that "as set forth in the petition for the writ of *habeas corpus,* it was duly and regularly determined by the respondent herein that the said Su Yen Hoon was not entitled to land within the United States or to remain therein   *   *   *   and said Department of Commerce and Labor, by dismissal of said appeal, ordered and directed in due form that the said Su Yen Hoon be returned to the country whence he came, and be not permitted to land."

Upon the filing of the return the question was argued and submitted whether the court should at once discharge the writ, or proceed to a hearing.

It is contended on behalf of the petitioner, (1) that the provisions of the Chinese exclusion acts do not apply to or affect the rights of United States citizens; (2) that the petitioner is illegally held because the procedure required by the act of February 20, 1907, relating to the immigration of aliens, was not followed; (3) that the petitioner was arbitrarily denied the right to land because the government produced no evidence to controvert the facts set forth in his certificates of birth or to show that same were false or fraudulent; and (4) that the record on the appeal to the Secretary of Commerce and Labor shows on its face that the proceedings had before the inspector were unfair.

The first point must be considered as settled, at least so far

as this court is concerned, by the case of *United States v. Ju Toy,* 198 U. S. 253, 262, wherein the Supreme Court said, " It is established, as we have said, that the act purports to make the decision of the Department final, whatever the ground on which the right to enter the country is claimed—as well when it is citizenship as when it is domicil and the belonging to a class excepted from the exclusion acts."

Petitioner's counsel contend that the later case of *Chin Yow v. United* States, 208 U. S. 8, "goes far towards opening up the whole matter." But, although the *Ju Toy* case must be considered as having been modified in some respects by the *Chin Yow* case, as to the point now under consideration it must be regarded as approved.

The next contention is that if the executive officers do have authority to pass on the question of citizenship, the petitioner was entitled to a hearing before the board of special inquiry provided for by the 25th section of the "act to regulate the immigration of aliens into the United States," approved February 20, 1907.

In view of the fact that section 43 of that act expressly provides that the act should "not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent," and because of the provision contained in section 7 of the act to establish the Department of Commerce and Labor (32 Stat. L. 825) that "the authority, power and jurisdiction now possessed and exercised by the Secretary of the Treasury by virtue of any law in relation to the exclusion from and the residence within the United States, its Territories and the District of Columbia, of Chinese and persons of Chinese descent, are hereby transferred to and conferred upon the Secretary of Commerce and Labor, and the authority, power and jurisdiction in relation thereto now vested by law or treaty in the collectors of customs and the collectors of internal revenue, are hereby conferred upon and vested in such officers under the control of the Commissioner

General of Immigration, as the Secretary of Commerce and Labor may designate therefor," the contention must be overruled.

The next claim is that the possession of the two certificates of Hawaiian birth, in the absence of any testimony tending to impeach their integrity, is practically conclusive of the petitioner's right to enter the country, and the action of the Department in the premises was an arbitrary abuse of authority.

The certificate of July 26, 1898, was issued by the Minister of Foreign Affairs of the Republic of Hawaii pursuant to regulations duly promulgated under the authority of the statutes of the Republic relating to the restriction of Chinese immigration, the sixth section of such regulations providing that "No permits will be issued to Chinese who have become naturalized citizens, or who have been born in the Hawaiian Islands. Upon satisfactory evidence being produced of naturalization, or of the birth of children of Chinese parents resident in the Hawaiian Islands, upon application therefor, a special Foreign Office certificate will be issued to such naturalized Chinese and Hawaiian born children *for filing in the office of the Consul-General at Hongkong.*"

The certificates there provided for were issued primarily for the information of the Hawaiian consular representative in China by whom Chinese migration to the Hawaiian Islands, so far as it was permitted by law, was supervised. No rights were conferred by such a certificate upon the person named in it. The certificate of January 27, 1910, was issued by the Secretary of the Territory of Hawaii pursuant to the provisions of act 64 of the laws of 1905, of the territorial legislature, which provided that "The Secretary of Hawaii may, whenever satisfied that any person was born within the Hawaiian Islands, issue to such person a certificate showing such fact. Said Secretary may prescribe the form in which applications for such certificates shall be made, the method of proof and kind of evidence to be furnished, and the form of such certificates. Said Secretary may also examine, under oath, any applicant or any

person cognizant of the facts regarding any applicant; and for that purpose is hereby authorized to administer oaths." Also, that "Any certificate of Hawaiian birth issued in conformity with the provisions hereof, shall be deemed and held *prima facie* evidence of the facts therein stated, before any registration or election board, and in all the courts of the Territory."

The statute has since been repealed.

If, as contended, the inspector made a mistake of law and did not accord to these certificates their proper legal effect, it would be the duty of this court in this proceeding to afford the appropriate relief. *United States v. Williams,* 173 Fed. 626. But the contention is unsound that these certificates, or either of them, amounted to a judgment or determination that the person named in them was of Hawaiian birth and, therefore, a United States citizen, which cannot be collaterally impeached in the absence of evidence of fraud. The legislature of the Territory did not attempt, and, indeed, was without power, to prescribe a rule of evidence which would be binding on the officials charged with the enforcement of the acts of Congress relating to Chinese or other immigration.

The case of *Liu Hop Fong v. United States,* 209 U. S. 453, a deportation case, is cited with a view to liken the effect of the certificates held by the petitioner here with the certificate held by the plaintiff there. The court there said, at page 463, " While this certificate may be overcome by proper evidence and may not have the effect of a judicial determination, yet being made in conformity to the treaty, and upon it the Chinaman having been duly admitted to a residence in this country, he cannot be deported, as in this case, because of wrongfully entering the United States upon a fraudulent certificate, unless there is some competent evidence to overcome the legal effect of the certificate." The important difference between the two classes of certificates consists in the fact that in the one case the party has come to and resided in the United States on the faith of a certificate to which the United States itself was a party, acting under and in conformity to treaty provisions and

pursuant to express statutory enactment, and the certificate itself constituted the sole right of the possessor to cross the threshold of this country; whereas in the other case the party must rely on the fact of his Hawaiian birth, and his right of entry, based on that fact, is full and complete without any certificate whatever.

Upon the application of the petitioner to land it became the duty of the inspector to investigate his claim of right to enter on the ground of citizenship. In this connection, the petitioner was entitled to a fair hearing and an unbiased decision, and the right of appeal to the Secretary of the Department. Those rights having been accorded, there being no mistake of law involved, the determination of the fact was conclusive. See *In re Can Pon,* 168 Fed. 479.

" If the petitioner was not denied a fair opportunity to produce the evidence that he desired, or a fair though summary hearing, the case can proceed no farther. Those facts are the foundation of the jurisdiction of the district court, if it has any jurisdiction at all. It must not be supposed that the mere allegation of the facts opens the merits of the case, whether those facts are proved or not. And, by way of caution, we may add that jurisdiction would not be established simply by proving that the Commissioner and the Department of Commerce and Labor did not accept certain sworn statements as true, even though no contrary or impeaching testimony was adduced." *Chin Yow v. United States,* 208 U. S. at page 11.

The petition shows that a hearing was had, and it is not claimed that the inspector refused to hear any evidence the petitioner had to offer, nor is it alleged that all the evidence was not sent up on the appeal.

Under the circumstances shown, this court cannot review the finding that the petitioner was not in fact born in Hawaii.

Finally, it is contended that the fact that in making up the record on appeal the inspector set out in capital letters those portions of the evidence which were unfavorable to the petitioner's right to land, shows unfairness on the part of the inspector. To have set forth portions of the testimony in capital

letters may not have been in the best of taste. It would indicate a desire on the inspector's part to have his ruling affirmed, but it falls short of showing an unfair hearing or an abuse of authority which would justify this court in entertaining jurisdiction of the merits of the question of citizenship.

This court should not proceed further in the matter.