Mr Justice Thompson
 

 delivered^ the opinion of the Court. This case comes up on a writ of érror from the circuit court, of the Maryland district. It is an action of assumpsit. The declaration contains the common money coúnts, and also counts for goods sold and delivered, work, labourland services, and an insimul computassent.. There is an averment in the declaration, that the plaintiffs are citizens of the state of Maryland, and the defendant an alien, and subject of the king of Spain. The defendant pleaded the general issue, and also a plea in abatement, alleging that Domingo. D’Arbel, one of the plain
 
 *698
 
 tiffs; was not, at the commencement of the suit, a citizen of the United States, or any one of'them; to which there was a replication, and issue thereupon joined. And by an agreement contained in the record, all errors in pleading are waived on both sidesand the cause comes here on five bills of exceptions" talcen at the trial; three of which relate to matters arising under the plea in.abatement, and the other two upon the merits.
 

 The question arising upon the first exception, turns upon the admissibility, in evidence of the'passport given by the secretary ófstate, introduced to prove the citizenship of Domingo D’Ar-bel. The record states, that the plaintiffs, further to support the i'ss'ue on their part, on the plea in abatement to the jurisdiction of this court filed in this cause, offered in evidence •the following paper, purporting to be a passport from the secretary of state of the United States, and which was admitted to be an original paper from the department of state, signed by John Quincy Adams, then secretary of state of the United States ; and also offered evidence, that the several indorsements on safd paper, were respectively in the handwriting of the several persons signing the same ; and that the said persons were the respective officers of'the government of Mexico, as they style themselves in the said indorsements, at the periods at -which the same were made. It was also admitted, that at the date of the', said passport, said D’Arbel was then in Mexico, and that'(he said passport was applied for, and obtained for him, at his instance, and by his request, by one of-the co-plaintiffs, who transmitted the same to the said D’Arbel, into whose possession it came, and by whom- it was used. The only proof of said use being the said indorsements so made thereon. The passport is as follows: “United States of America. To all to whom these presents shall come,- greeting. I, the undersigned, secretary of state of the United States of America, hereby request all whom it may concern, to permit safely and freely to pass, Domingo D’Arbel, a citizen of the United States, and in case of need, to give him' a'll lawful aid and protection. Given under my hand, aud the impression of the seal of the department of state, at the ci ty* of Washington, the 22d day of March 1824, in the forty-eighth year of the independence of. these United States. John.Quincy Adams.”.
 

 
 *699
 
 To the. admissibility of which paper in evidence, the defendant, by his counsel, objected; the' same not being legal or competent evidence of the American citizenship of said D’Ar-bel. But the court were of opinion, and so decided, that the said paper was legal and competent evidence of said citizenship, and the-same was admitted.
 

 There is some diversity of opinion on the bench, with respect to the admissibility in evidence of this passport, arising^ in some measure, from-the circumstances under which the offer was made, and its connexionwith other matters which had been given-, in evidence. Upon the general and abstract question, whether the passport,.pér se, was legal and competent evidence of the fact of citizenship, we are of opinion that it was not.
 

 There.is no Jaw of the United States, in any manner regulating the issuing of passports, or directing upon what evidence . it may be done, or declaring their legal effect. It is understood, as matter of practice, that some evidence of citizenship is required, by the secretary of state, before issuing a passport. This,- however, is entirely discretionary' with 'him.' .No inquiry is instituted by him to ascertain' the fact of citizenship, or any proceedings had, that will iri any manner bear the character of a judicial inquiry. It is a' document, which, from its nature and object, is addressed-to foreign powers; purporting only to be á request, that the bearer of it may pass safely and freely ; and is to be. considered rather in the. character of á political document, by which,the bearer is recognized, in foreign countries, as an American citizen; and which, by usage and the law of nations, is received as evidence of the fact. But. this-is a-very different light, from that in which it is to be viewed in a court, of justice, where the inquiryis, as to the fact of citizenship. It is. a mere ex parte certificate; ‘and if founded upon any evidence produced to the secretary of state, establishing the fact of citizenship, that evidence, if of a character admissible in a court of justice, ought
 
 jo be
 
 produced upon ihe trial, as higher and better evidence of the ,iact.- But whether the circuit court erred, in admitting the passport in evidence, under ithe circumstances stated in the exception, this court is divided in opinion, and the point is of course undecided.
 

 
 *700
 
 The defendant, in ofiler to support the issue on his part, on the plea iq abatement, for the purpose of showing the adinission of the said D’Arbel, under, oafh, that he was a subject of the lung of Spain on the 8th day of May' 1817, offered in evidence a'documént or paper, purporting to be a record of certain proceedings in a cause in the district court of the state of Louisiana, in and for the first judicial district of that state, in which John K.' West, curator; Of the estate of James Niel, was plaintiff, and the said Domingo D’Arbel was defendant; which proceedings contain a petition presented to’the state, court, for the purpose of removing the cause into the district court of the United States ; and.in which petition it is alleged, that Do-? mingo D’Arbel is. a subject of his most catholic majesty'the king of Spain ; and on this ground claimed to have his cause removed into a court of the United State's, pursuant to the act of congress. To which-.petition is • annexed,¿-the oath of the said D’Arbel, that the facts' contained in the petition are true, and that he is a subject of- his most catholic majesty the king of Spain. To the admission of this. evidence, -the plaintiffs’ counsel-objected, and the court sustained the objection. The exception embraces some matters upon, which the court-expressed no opinion; and heed, not, therefore, be here noticed. So far as relates tó the admissibility of this evidence, the objection, .is stated as follows : “ the plaintiffs object to the giving in- evidence the record so offered, for the purpose for which .it is offered by the defendant. First, because, if the'jury find the facts stated in the -plaintiff’s .first prayer, then they'are bound to find a verdict for the plaintiff, on the plea in abatement. ; and secondly, because if not concluded, the said record-purports only to give a copy of a copy of the petition and affidavit alleged to have been filed iii the said case, in the said record mentioned,- and a copy of a copy of the said case, as it purports to have been in the state court; which objection the court in part sustained, and reject ed the record so offered in evidence.” In this, we think, .the court! erred. We do not perceive any well founded objection, in'any .point-of view, to the admission of this record for the purpose-'for which it was offered,'viz. to prove the declaration of Domingq.D’Arbel under oath, that be was a Spanish subject. It did not in any manner affect the rights of any other party to the judgment; and
 
 *701
 
 was no more objectionable, than the dp-claratio"' or confession of D’Arbel, made in any other manner or on any other occasion. But it did not lie in the mouth of D’Arbel, to object to this evidence, as a part of the récord of the distric t court of the United States. .It was .his own act placing '■'! on the record of that court; and that record was duly authenlicated according to the act of congress. This document or record, as it is called, begins with the following caption or memorandum: “United States of America, eastern district of Louisiana, ss.. Be it remembered, that on the 24th day of May, in the' year 1817, into the district court-of the United'States in and for the then Louisiana district, came Domingo D’Arbel, by his attorneys, and filed -.the following transcript- or record, to wit.” Then follow the record and proceeding in the state court, containing the petition and affidavit of D’Arbel that he was a Spanish subject*- Thus it will be seen, that this record or proceeding. in the state court, was introduced info-the United States district court, by D’Arbel himself, as the grounds upon which he claimed a right to have his causé tried -in a court of the United States. It was therefore evidence offered by him originally in the district court of the,United States; and it does not lie with him now to say that that record was not duly.authenticated, when introduced by him into the United ■ States district court. It was not offered in evidence in the-present case, as coming directly from the state court ;-and all objections to the authentication by the. clerk of the state court, were, if well founded, misapplied. This record, as offered to. the circuit court on the trial of this cause, came from the district court of the United States, and the proceedings and oath relied upon, were then introduced by D’Arbel himself.
 

 Whether the district court Of the United States was bound to.receive this as satisfactory evidence of the right of D’Arbel to remove the cause from the state court, is not at all material! It was received by the United States district court as sufficient, and the cause, was removed and proceeded in accordingly. But .there can be no doubt, that the United States court had a right to examine and decide for itself upon the grounds on which D’Arbel claimed to have his. cause .removed into the United States court. . That court had a right to decide upon its Own jurisdiction and remand the cause, if sufficient grounds'*
 
 *702
 
 lor a removal were' not shown. It cannot surely be in the power of the state court to compel the United States court to assume jurisdiction.
 

 The third exception on tüe part of the defendant is to the ruling of the. court upon the plaintiff’s prayer, which is as follows. The evidence having been given, as set forth in the two prior exceptions by the plaintiffs, which is.to be considered as forming á part of this exception; the defendant, further to support the issue, on the plea in abatement, gave in evidence by competent witnesses, that the said D’Arbel declared himself to have been' a native Frenchman and born near the borders between France and Spain ; and that the said D’Arbel, mentioned'in the .foregoing evidence, is the same D’Arbel mentioned in the commission aforesaid. Thereupon the plaintiffs prayed the court, that if the defendant offers ho other evidence on the issue joined on the defendant’s plea of abatement, than there is now before the jury; that then the plaintiffs are entitled to the verdict, if the jury believe the plaintiffs’ evidence." Which praye- was granted by the court.
 

 ■This prayér is rather obscurely stated, and the real point intended to be raised is not very apparent; Evidence had been; given both as to the defendant and plaintiff; and the . prayer would .seem to ask the court to instruct the jury, that the plaintiffs were entitled to the verdict if the jury believed the plaintiffs' evidence, and the court so instructed the jury. If this is the interpretation to' be given to the prayer, the instruction was erroneous. The evidence given by the defendant was taken entirely from the consideration of the •jury, and the verdict was made to depend upon their belief of the plaintiffs’ evidence. But the decision upon this exception is not very important, as it will not affect the result upon the present writ of error; and it is not likely it will arise in the same form on another trial: and this remark applies to the two remaining exceptions on the merits arising on the accounts offered in evidence, and the decision and instructions given by the court thereupon. Questions of law and fact, growing out of the prayers and instructions on this part of the case, are so blended, and' presented in süch a shape, that it is extremely difficult to decide upon them; and as the cause must go back, and as .these matters may not be presented on
 
 *703
 
 another trial under the same aspect, these questions may become immaterial, and we pass them by without any decision.
 

 The judgment of the circuit court is reversed, and the cause . sent back-with directions to issue a venire de novo.
 

 This cause came on to be heard on the transcript of the re'-. cord from the circuit court of the United States for the,district' of Maryland, and was argued by counsel. On consideration whereof, it is adjudged and ordered by this court, that the judgment .of the said circuit court in this cause be and the same is hereby reversed, and that this cause be and the same is hereby remanded to the said circuit court, with directions to; award a 'Venire facias de novo.