## LEUNG JUN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   June 15, 1909.)

### No. 295.

ALIENS (§ 32*)--DEPORTATION OF CHINESE—JUDGMENT—CONCLUSIVENESS.
  A United States commissioner, after hearing a charge against a Chinese person for alleged unlawful residence in the United States, rendered a judgment reciting that "upon a full hearing" it was ordered and directed that he be "discharged" on consent of the assistant United States attorney appearing in its behalf. The return of the writ also showed that the evidence proved that the defendant was born in the United States. *Held*, that the judgment was on the merits, and constituted a conclusive adjudication of the Chinaman's right to remain in the United States.
  [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*]

Appeal from the Circuit Court of the United States for the Northern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

For opinion below, see 160 Fed. 251.

This cause comes here upon appeal from an order of the Circuit Court, dismissing a writ of habeas corpus.

R. M. Moore, for appellant.

George B. Curtiss, U. S. Atty. and H. E. Owen, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Leung Jun, a Chinese person, applied for admission into the United States on November 18, 1907, presenting a judgment of discharge by a United States commissioner dated December 17, 1903. The only question presented upon this appeal is whether such judgment of discharge was rendered upon the merits. It is conceded that if it were the petitioner is entitled to entry, and the order dismissing the habeas corpus should be reversed. No question of identity is raised, although there is a slight variance in the spelling of the Chinaman's name. The judgment reads as follows:

United States Commissioner's Court, Northern District of New York.

United States of America v. Loung June, alias Leung Jun.

Before me, Benj. L. Wells, a commissioner of the District Court of the United States within and for said district, complaint was presented by F. W. Berkshire, of N. Y.; N. Y., a Chinese inspector for said district, charging in substance that on or about the 11th day of August, 1903, at Burke, N. Y., in said district, one Loung June, in violation of the Chinese exclusion acts, statutes of the United States, did unlawfully come into and was found to be not lawfully in the United States, from the Dominion of Canada, and was then and there found within the United States, he being a Chinese person and laborer, and not a diplomat or other officer of the Chinese or any other government, and without producing the certificate required of Chinese persons seeking to enter the United States; and on the 4th day of December, 1903, said defendant was brought before me, the said commissioner, and the proceedings adjourned from time to time, and upon a full hearing upon said charge, Hon. H. E. Owen, the assistant district attorney of the United States of America, being present, Hon. R. Moore appearing for defendant.

And I hereby order and direct that said defendant be and he is hereby discharged, on consent of Assistant U. S. Attorney H. E. Owen.

I also certify that the photograph hereto annexed is a true likeness of said defendant.

Given under my hand and seal at Malone, in the Northern district of New York, this 17th day of December, 1903.

[L. S.] Benj. L. Wells,
United States Commissioner, Northern District of New York.

It will be observed that this is not, on its face, an order of discontinuance or dismissal. It provides specifically that the defendant be "discharged." Moreover it recites that the defendant was brought before the commissioner and that action was taken "upon a full hearing." The mere statement that the United States Attorney consented to the discharge is not sufficient to overcome the presumption arising from these facts. He may have been satisfied, when the evidence was all presented, that defendant had proved his right to enter so clearly that further objection before the commissioner would be futile. Moreover, we are not left to mere presumptions. The return to the writ shows that the testimony which was produced before the com-

missioner, and after hearing which he discharged the prisoner, showed that Loung June (Leung Jun) was born in this country.

We are of the opinion that the judgment discharging petitioner, filed December 17, 1903, was upon the merits, and that the order appealed from should be reversed, and Leung Jun discharged.