Ex parte KOERNER.

(Circuit Court, E. D. Washington, E. D. December 15, 1909.)

No. 1,425.

1. ALIENS (§ 54*)—PROCEEDINGS FOR DEPORTATION—CONCLUSIVENESS OF FINDINGS OF EXECUTIVE OFFICERS.

In proceedings for the deportation of alien immigrants, while the courts are bound by the findings of the Executive Department, they cannot properly refuse relief, where on the admitted facts it appears as a matter of law that the person sought to be deported is not within the inhibition of the statute.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

2. ALIENS (§ 53*)—AUTHORITY TO DEPORT—CONVICTION OF CRIME IN FOREIGN COUNTRY.

The provision of Immigration Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 448), excluding from admission persons "who have been convicted of or admit having committed a felony or other crime or misdemeanor involving moral turpitude," and of section 20 (page 459), requiring the deportation of any alien who shall enter the United States in violation of law, do not authorize the deportation of an alien because of his conviction of a felony in the country from which he came after his admission into the United States,

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

3. HABEAS CORPUS (§ 23*)—PERSONS HELD FOR DEPORTATION—AUTHORITY OF COURTS TO DISCHARGE.

A court is not precluded from discharging an alien held for deportation on a writ of habeas corpus because of the pendency of an appeal from the order of deportation before the Secretary of Commerce and Labor, where on the admitted facts there is no warrant of law for his deportation and he is unlawfully restrained of his liberty.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 23.*]

Petition by Otto Koerner for writ of habeas corpus. Petitioner discharged.

Munter & Lovejoy, for petitioner.

A. G. Avery, U. S. Atty.

WHITSON, District Judge. The petitioner seeks release by writ of habeas corpus from imprisonment in the Spokane county jail. He is detained for deportation upon a warrant issued on November 9, 1909, by the Acting Secretary of Commerce and Labor under the act of February 20, 1907 (34 Stat. 898). The Chinese and immigrant inspector, after a full and fair hearing, reported his proceedings to the Secretary, before whom the matter may be considered as still pending.

The documents upon which the warrant was issued, as disclosed by the petition and admitted by the return, show that the petitioner entered the country on the 12th day of April, 1909, and was thereafter convicted of the crime of embezzlement in Austria, the country from which he came, on the 8th day of October, 1909. The clause of the statute under which the right to deport is claimed appears in section 2 of the act above noted, and reads:

" * * * Persons who have been convicted of, or admit having been convicted of, a felony or other crime or misdemeanor involving moral turpitude. * * *"

The petitioner was sentenced to imprisonment in the penitentiary, and, indulging the presumption that the law of the foreign jurisdiction is the same as that of this country, he was guilty of the commission of a felony and of a crime involving moral turpitude; but it affirmatively appears that he was convicted after he left Austria, and, it not appearing that he has admitted the commission of the offense, he is not brought within the statute. While the courts are bound by findings duly made by the executive branch in matters of this kind (United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Pearson v. Williams, 202 U. S. 281, 26 Sup. Ct. 608, 50 L. Ed. 1029; Oceanic Navigation Company v. Stranahan, 214 U. S. 321, 29 Sup. Ct. 671, 53 L. Ed. 1013), they cannot properly refuse relief, where upon the admitted facts it appears as a matter of law that the person sought to be deported is not within the inhibition of the statute. Gonzales v. Williams, 192 U. S. 1, 15, 24 Sup. Ct. 171, 48 L. Ed. 317; Ex parte Watchorn (C. C.) 160 Fed. 1014.

This is the case presented here. Want of jurisdiction, and not an erroneous finding, is the state of the record. The fact that the matter is still pending before the department is assigned as a sufficient reason for denying the prayer of the petition; but it is to be remembered that the petitioner is in the meantime deprived of his liberty, and while so restrained he might be deported without the sanction of any statute, which would be violative of his rights, or, as it was expressed by the Supreme Court in Chin Yow v. United States, 208 U. S. 13, 28 Sup. Sup. Ct. 201, 52 L. Ed. 369, "without the process of law to which he is given a right."

It will be assumed, in the absence of any showing to the contrary, that the grounds for deportation were fully disclosed in the proceedings looking to that end. It may be, however, that the department has information other than that made to appear, or, in view of those facts which do appear, that the government from which the petitioner came may desire his extradition. He will therefore be held for a reasonable time in order to enable the department to supply additional proof or to allow for the institution of extradition proceedings; for if of the criminal classes the statute ought to be given full scope, and treaty obligations naturally suggest that reasonable opportunity be afforded for apprehension and return of one who has fled the country to which he owed allegience to escape punishment for an infraction of its laws.

The petitioner having been held five days, and no further showing made nor other proceedings instituted, he was discharged.