EDSELL, Chinese Inspector, v. D. CHARLIE MARK.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1910.)

No. 1,673.

1. CITIZENS (§ 10*)—EVIDENCE OF CITIZENSHIP.

A passport issued to a Chinese person by the Secretary of State is not evidence of the citizenship of such person in the United States.

[Ed. Note.—For other cases, see Citizens, Cent. Dig. § 17; Dec. Dig. § 10.*

Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

2. ALIENS (§ 32*)—CHINESE EXCLUSION ACT—REVIEW OF ORDER OF DEPORTATION—JURISDICTION OF COURTS.

A finding by the immigration officers against the right of a person of the Chinese race to enter the United States, which right was claimed on the ground that the applicant was a native-born citizen, is conclusive, and a court cannot entertain habeas corpus proceedings for his discharge, unless it is shown that he was not given a fair and impartial hearing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Proceeding by D. Charlie Mark against H. Edsell, Chinese Inspector in Charge of the Port of Sumas, for writ of habeas corpus. Judgment granting the writ, and defendant appeals. Reversed.

The appellee, D. Charlie Mark, a Chinese person, seeks admission to the United States as a returning native-born citizen. He was denied admission after the usual investigation by the appellant, the Chinese inspector in charge at Port Sumas, Wash. An appeal from the order of rejection was taken to the Secretary of Commerce and Labor, and after consideration the appeal was dismissed, and the order of rejection affirmed. While being detained at Sumas, Wash., awaiting deportation, in accordance with the order of the Secretary of Commerce and Labor, the appellee, through one Loon Kee, filed a petition in the United States District Court for the Western District of Washington, praying for a writ of habeas corpus, alleging, among other things, that the appellee was a native-born citizen of the United States, and was entitled to admission therein; that when seeking admission he was possessed of a passport duly and regularly issued by the Secretary of State of the United States, and that the same was presented to the officers of the Bureau of Immigration at the port of entry, but no consideration was given by the said officers to said passport; further, that he was not given a fair and impartial hearing on his application for admission to the United States by the officers of the Bureau of Immigration. Thereupon the writ as prayed for was granted by the District Court. Appellant objected to the taking of testimony in said cause, other than such as related to the question whether he had been given a fair and impartial hearing on his application for admission into the United States. The objection was overruled, and thereupon testi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mony on the merits was taken and submitted to the District Court, which thereafter directed the discharge of the appellee from custody. From the order of discharge, the present appeal is taken.

Elmer E. Todd, U. S. Atty., and Charles T. Hutson, Asst. U. S. Atty., for appellant.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

PER CURIAM. The passport issued to the appellee by the Department of State was not evidence of his citizenship. Urtetiqui v. D'Arcy, 34 U. S. 692, 9 L. Ed. 276; In re Gee Hop (D. C.) 71 Fed. 274. With respect to the proceedings before the executive officers concerning the right of appellee to enter the United States on the ground that he was a citizen of the United States, we find nothing in the record indicating that he was deprived of a fair and impartial hearing.

Upon the authority of the case of United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, and In re Tang Tun, 168 Fed. 488, 93 C. C. A. 644, the judgment of the court below is reversed, and the case remanded, with directions to dismiss the proceedings.