DE BRULER, Commissioner of Immigration, v. GALLO.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,860.

1. HABEAS CORPUS (§ 92*)—HEARING—SCOPE.

After an order of deportation has been entered in deportation proceedings against an alleged undesirable alien, the only issue reviewable on a writ of habeas corpus is whether the alien had been given a fair hearing by executive officers on an order to show cause why she should not be deported, and it was therefore error to refer the proceeding to a com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missioner to take testimony on a new issue as to the alien's alleged marriage and whether her alleged husband was a citizen.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 92.*]

2. ALIENS (§ 54*)—DEPORTATION PROCEEDINGS—FAIR TRIAL.

An alien was arrested September 19. 1909, and accorded a hearing before the immigration officers on the next day, at which she was informed of her right to be represented by counsel; but. waiving such right, she was sworn and examined at length. She was again examined by the officers a few days later, when she was represented by counsel, who also examined three other witnesses before the officers, and she was again examined before one of the immigration inspectors on November 23, 1909. *Held*, that she was accorded a fair trial before the department, which precluded a review of their conclusions of fact, reached on conflicting evidence, by the courts.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

3. ALIENS (§ 54*)—DEPORTATION PROCEEDINGS—EXECUTIVE OFFICERS—MISTAKES OF LAW.

Mistakes of law committed by executive officers are subject to re-examination by the courts.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Petition for writ of habeas corpus by Marie Gallo against Ellis De Bruler, Commissioner of Immigration at Seattle. From an order granting a writ and discharging petitioner, the Commissioner appeals. Reversed, with directions to dismiss the proceedings.

Elmer E. Todd, U. S. Atty., and Charles T. Hutson, Asst. U. S. Atty., for appellant

James F. O'Brien, C. P. Burkey, and J. E. Burkey, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. On the 18th day of December, 1909, the Acting Secretary of Commerce and Labor addressed to the Commissioner of Immigration at Ellis Island, New York Harbor, this warrant for the transportation of the petitioner to Italy:

"To William Williams, Commissioner of Immigration, Ellis Island, N. Y. H.

"Whereas, from proofs submitted to me, after due hearing before Immigrant Inspector Thomas M. Fisher, Jr., held at Seattle, Washington, I have become satisfied that Marie Galli (Giovanni), alien, who landed at a port unknown within a period of three years, is in this country in violation of the act of Congress approved March 3, 1903, and February 20, 1907, to wit, That the said alien is a prostitute, and was such at the time of her entry into the United States; that she entered the United States for the purpose of prostitution; that she has been found an inmate of a house of prostitution, and practicing prostitution, subsequent to her entry; and whereas, the period of three years after landing has not elapsed: I, Benj. S. Cable, Acting Secretary of Commerce and Labor, by virtue of the power and authority vested in me by the laws of the United States, do hereby command you to return the said alien to the country whence she came at the expense of the appropriation, 'Expenses of Regulating Immigration.' Delivery of this alien at your port will be made by an officer detailed from the Seattle office, to which place sailing advices of the line by which deportation is to be made should be for-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

warded. You are authorized to purchase transportation for the alien to Naples, Italy, at the lowest scheduled steerage rate; the expenses involved being payable from the above-named appropriation. For so doing, this shall be your sufficient warrant.

"Witness my hand and seal this 18th day of December, 1909.

"Benj. S. Cable, Acting Secretary of Commerce and Labor."

Shortly thereafter a petition for a writ of habeas corpus was presented on behalf of the petitioner to the court below at Seattle, Wash., where the petitioner then was, setting forth:

"II. That on or about the ——— day of August, of 1902, in the city of New York, N. Y., she was lawfully united in marriage with Antone Gallo, her present husband, who is and at all times hereinafter mentioned was a naturalized citizen of the United States, and that she is now and at all times hereinafter mentioned has been his lawful wife, and residing with him in the United States.

"III. That on or about September 19, 1909, petitioner was unlawfully arrested and taken into custody by the immigration officers engaged in the Immigration Service in the United States and in the state of Washington, on the ground that she was a prostitute and immoral person and had not been within the United States for a period of three years, and that she has ever since been illegally deprived of her liberty by Ellis De Bruler, the Commissioner of Immigration, having charge of the United States Detention Station at Seattle, Washington. Your petitioner further shows that after her said arrest a hearing was given her before the said Commissioner. The sole question that was investigated or upon which evidence was taken was whether or not petitioner was a prostitute or immoral person within the United States, and resided in the United States for a period of less than three years, and that at no time was the question of the citizenship of your petitioner raised before said Commissioner, nor the immigration officers, nor was any evidence taken thereon. That said evidence was transmitted to the Department of Commerce and Labor at Washington, D. C. The Secretary of Commerce and Labor ordered that the petitioner be deported from the United States to the kingdom of Italy as an immoral person illegally within the United States. That said Secretary of Commerce and Labor did not have before him any evidence touching the question of petitioner's citizenship, nor did he pass upon the question, nor consider the same, in the consideration of the evidence before him. Your petitioner further states that she has been informed by the officers engaged in the Immigration Service of the United States, and believes the same to be true, and so alleges the same, that the Department of Commerce and Labor at Washington, D. C., and the Secretary thereof, made and conducted an independent investigation as to the character of petitioner, and as to whether or not she had been within the United States for a period of three years; that said investigation was made without any notice or knowledge on the part of petitioner, and without any opportunity to be present in person or by counsel, or to take part in any manner in said investigation; that said investigation, if made, and petitioner so alleges it to have been made, was illegal, and illegally deprived petitioner of her constitutional right to be heard in her own defense.

"IV. That as a citizen of the United States petitioner is not subject to deportation; that she is not held charged with any crime against the United States, or any of the states thereof, but is being held solely by the said Ellis De Bruler, Commissioner of Immigration as aforesaid, for the purpose of being deported from the United States; that unless the said Ellis De Bruler is compelled by this honorable court to release petitioner she will continue to be illegally deprived of her liberty until deported from the United States."

The writ prayed for was granted, answer and return to which was made by the immigration officer, and upon reference to a commissioner "for the taking of testimony therein as to the alleged citizenship of one Antonio Gallo, and the alleged marriage of Marie Gallo to said

Antonio Gallo," testimony was given and other evidence taken, which subsequently came on for consideration by the judge of the court below, who filed this decision:

"The evidence, oral and documentary, proves that the petitioner has lived continuously in the United States previous to her arrest at least seven years, and that she is lawfully married to a naturalized citizen of the United States. There are discrepancies in the evidence, and the petitioner and her husband have a good many variations to their names, and the petitioner prevaricated when examined by the immigration officers. These discrepancies, variations, and prevarications have not been overlooked. Nevertheless I cannot find substantial ground for disbelieving the positive testimony establishing the petitioner's legal right to live in this country. Therefore an order will be entered discharging her from arrest.                     C. H. Hanford, Judge."

An order of discharge was thereupon signed and filed, from which order the present appeal was taken.

To the order of reference for the purpose stated the government objected, on the ground that it was beyond the power of the court to make; the contention being that the only question then properly before the court was whether or not the appellee had been given a fair hearing by the officers of the Department of Commerce and Labor upon the order to show cause why she should not be deported to the country from which she came. The position of the government in this respect must be sustained, on the principle controlling the disposition of the cases of Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, Looe Shee v. North, 170 Fed. 566, 95 C. C. A. 646, In re Tang Tun, 168 Fed. 488, 93 C. C. A. 644, In re Can Pon, 168 Fed. 479, 93 C. C. A. 635, and Edsell, Chinese Inspector, v. D. Charlie Mark (C. C. A.) 179 Fed. 292.

The record shows that the appellee was arrested at Tacoma, Wash., September 19, 1909, and was given a hearing by the immigration officers the next day, at which time she was informed of her right to be represented by counsel. Replying that she did not desire counsel, she was sworn and examined at length. She was further examined at length by the officers a few days later, at which time she was represented by counsel, who also introduced and examined at length before the officers three other witnesses, named, respectively, Nicola Alfredo Carino, Salvatore Savoye, and Tony Galli. The appellee was again examined before one of the immigration officers—Inspector Fisher—on the 23d of November of the same year. In the course of her various examinations the appellee made numerous substantially conflicting statements, not only in respect to her name, but at one time testifying that she was married to one Tony Galli, and at another time testifying that she was never married to any one; at one time admitting that she was a prostitute, and at another time denying it. Furthermore, the record shows that she, as well as the witnesses examined on her behalf, made statements in respect to her claimed residence in New York City, which officers of the department charged with the execution of the immigration laws found untrue, and there was the direct testimony of a witness introduced by the government—a detective named Miller—that she was an inmate of a house of prostitution in Tacoma in September, 1909.

The record contains a review by Inspector Fisher, in his report made to the Department of Commerce and Labor, of the evidence given in the cause, and his findings of fact made therefrom, and the ultimate decision of the department first herein set out. Under such circumstances we do not see how it can be properly held that the appellee was not given a fair hearing by the officers of that department. Mistakes of law by executive officers are, of course, re-examinable by the courts. Such were the cases of Botis v. Davies (D. C.) 173 Fed. 996, and Ex parte Koerner (C. C.) 176 Fed. 478. But mere questions of fact, such as the case before us, where they have been fairly examined by the executive officers designated by Congress for that purpose, and their conclusions of fact reached upon conflicting evidence, will not be judicially reviewed. Authorities supra.

The judgment appealed from is reversed, and the cause remanded to the court below, with directions to dismiss the proceedings.