Ex parte MAC FOCK.

(District Court, W. D. Washington, N. D. August, 1913.)

No. 2,500.

1. ALIENS (§ 32*)—PROCEEDINGS FOR DEPORTATION OF CHINESE—EVIDENCE—FORMER JUDGMENT.

A certificate by a United States commissioner that a Chinese person of a certain name was tried before him and adjudged to have the right to remain in the United States is not competent evidence of a judgment which can be used in bar of a subsequent proceeding.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—PROCEEDINGS FOR DEPORTATION OF CHINESE—ABUSE OF DISCRETION.

Petitioner, a Chinese person, sought to enter the United States and presented as the only evidence of his right what purported to be a certificate made by a commissioner 17 years before that petitioner had been tried before him and adjudged to be a citizen and entitled to remain in the United States, which was not in a form to be competent evidence. *Held*, that the immigration authorities did not abuse their discretion in making further examination nor, on finding that the certificate was fraudulent, in ordering petitioner deported, although he had resided in this country for the greater part of the 17 years.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

In the matter of the application of Mac Fock for writ of habeas corpus. On motion to dismiss. Motion granted.

Victor M. Place, of Seattle, Wash., and L. Frank Brown, of Seattle, Wash., for petitioner.

C. F. Riddell, U. S. Atty., and E. B. Brockway, Asst. U. S. Atty., both of Tacoma, Wash., for respondent.

NETERER, District Judge. The petitioner alleges in substance that he arrived at the port of Seattle on his return from China on the 21st day of March, 1913, and was denied admission by the Commissioner of Immigration; that an appeal was prosecuted from the decision of the Commissioner of Immigration to the Secretary of Labor; and that such decision was affirmed. He further alleges that he had resided in the United States for over 17 years; that he has in his possession a certificate issued by Felix W. McGettrick, United States Commissioner, bearing date June 12, 1896, issued to him upon his dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge after arrest for being unlawfully in the United States. Attached to the petition is a copy of the alleged certificate, which reads as follows:

"United States of America, District of Vermont.

"Before me, Felix W. McGettrick, a commissioner of the Circuit Court of the United States, within and for said district, complaint was presented by John H. Senter, United States Attorney, within and for said district, charging in substance that on or about the 12th day of June, 1896, at Richford in said district, Mac Fock in violation of section ——— of the Revised Statutes of the United States, did unlawfully come and was in the United States, and on the 12th day of June, 1896, defendant was brought before me, the said commissioner, at my office, in St. Albans, in said district, and upon full hearing on said charge the said district attorney being present, it was adjudged by me that said Mac Fock had the lawful right to be and remain in the United States, by reason of being a citizen thereof, and he was accordingly discharged.

"Given under my hand and seal at St. Albans, in the district of Vermont, this 12th day of June, 1896. Felix W. McGettrick,

"United States Commissioner for District of Vermont. [Seal.]"

A photograph is attached to the certificate.

On the 9th of June a writ was issued directing the proper officers to produce in court Mac Fock, to do and receive concerning the said Mac Fock what should then be directed. A return was made to the writ as directed, in which the possession of the certificate is admitted. The return further states that Mac Fock is held under order of deportation; that he applied for admission to the United States as a returning native-born American of Chinese descent, and that, upon the examination by the Commissioner of Immigration upon oral and documentary evidence, it was found that Mac Fock was born in China; that an appeal was prosecuted to the Secretary of Labor, who affirmed such decision. A reply is filed to this answer, in which it is stated, in substance, that Mac Fock had lived in the United States in various parts for more than 17 years; that before his departure for China he presented the certificate to the Commissioner of Immigration, and that it was pronounced genuine; and that the petitioner thereupon departed for China, relying upon the investigation made by the immigration officers of his right to re-enter. All of the evidence taken before the Commissioner of Immigration and the record on appeal is a part of the record in this case. A motion is made by the government that the proceedings herein be dismissed upon the pleadings and admitted facts as disclosed by the record, and that the petitioner be held for deportation.

It is contended on the part of the petitioner: First, that the certificate issued to him by Felix W. McGettrick, United States Commissioner, is a final adjudication of the petitioner's right to admittance; second, that the Immigration Department, having investigated the certificate and pronounced it genuine, led the petitioner to believe that he could re-enter and is now precluded and estopped to deny his admittance.

[1] It has been repeatedly held that where a Chinese person for alleged unlawful residence in the United States has been apprehended and given a fair trial and discharged, and a judgment of discharge

entered upon the merits, it constitutes an adjudication of the right of the Chinaman to remain in the United States. Leung Jun v United States, 171 Fed. 413, 96 C. C. A. 369.

The first question to be disposed of is: Is the certificate which was presented a judgment in contemplation of the exclusion act? I think a reading of the document is sufficient to conclusively show that it is not. On its face it shows that it is not a judgment. It does not purport to be a certified copy of any judgment or record of judgment. It is not a document which could be considered as evidence by any court or tribunal. It is merely a statement that a certain act had been done. It does not purport to, nor does it in fact fill the requirements of any rule of evidence, state law, or act of Congress with relation to authentication of records of the United States.

"A written statement by a United States commissioner that a Chinese person of a certain name was brought before him and was adjudged to have the right to remain in the United States by reason of being a citizen is not evidence of a judgment." Ah How v. United States, 193 U. S. 65, 24 Sup. Ct. 357, 48 L. Ed. 619; United States v. Lew Poy Dew (D. C.) 119 Fed. 786.

[2] Estoppel cannot operate as against the government, nor do the facts show abuse of discretion. Upon the conceded facts with relation to this certificate, it being all the proof that was presented, the Department of Immigration cannot be criticised for further examination with relation to the nativity of the petitioner. The examination as disclosed by the record seems to have been fair and impartial and no undue advantage taken of the petitioner. The examination disclosed that the petitioner was born in China; that he arrived in Vancouver and entered the United States at Richford, Vt.; that the certificate was there given to him; that it was fraudulently issued or obtained through perjury. The petitioner, if not an actual participant, was the beneficiary and knew of the wrongful practices.

Being in the United States unlawfully and the beneficiary of the certificate unlawfully issued, and having lived in the United States for 17 years, and knowing of the fraud or perjury practiced upon the issuance of the certificate, and the fraudulent practices continued by him upon the Immigration Commissioner when he obtained an expression of regularity of such certificate, the petitioner upon the record before the court cannot complain. No lapse of time would ripen such a wrong into a right nor afford a basis upon which to predicate abuse of discretion. The Department of Immigration did not abuse its discretion. De Bruler v. Gallo, 184 Fed. 566, 106 C. C. A. 546; Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369; Ex parte Lung Wing Wun (D. C.) 161 Fed. 211; United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917.

The motion is granted, the writ discharged, and the petitioner remanded to the custody of the Commissioner of Immigration.