### UNITED STATES v. LEW AH JUNG.

(District Court, D. Massachusetts. January 19, 1915.)

#### No. 1045.

1. ALIENS ⊶32—DEPORTATION OF CHINESE—ADJUDICATION—CONCLUSIVENESS.

An adjudication by a United States commissioner, in proceedings to deport a Chinaman, that he was born in the United States, followed by the issuance to him of a certificate, is conclusive on his right to remain in the United States, notwithstanding any subsequent misconduct.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊶32.]

2. JUDGMENT ⊶956—RES JUDICATA—ISSUES—EVIDENCE.

In proceedings to deport a Chinese person who rested his right to remain in the United States on the ground that the issue had previously been decided in his favor in prior deportation proceedings, parol evidence, to show on which of several possible grounds the judgment in the prior deportation proceedings in favor of his right to remain in the country was based, was admissible.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. ⊶956.]

Proceedings by the United States for the deportation of Lew Ah Jung. Order of deportation rendered by the commissioner. Reversed.

Joseph F. O'Connell, of Boston, Mass., for petitioner.
James A. Hatton, of Boston, Mass., for respondent.

MORTON, District Judge. This appellant rests his right to remain in the country upon two grounds: (1) That he was born in this country; (2) that the issue has already been decided in his favor in previous deportation proceedings.

He testifies that he was born in San Francisco in or about the year 1884; that he remained there until 1890, when he went with his par-

ents to China; and that he returned to this country in 1897 via Canada and Richford, Vt. At that time he was arrested at Richford on deportation proceedings. His case was heard before the United States commissioner in Vermont, who decided that the appellant had, as he then claimed, been born in this country, and thereupon issued a certificate to him, dated June 1, 1897. It has the appellant's photograph annexed to it; the genuineness of it is not questioned by the United States.

[1, 2] It is clear that the appellant is the person then adjudged entitled to enter the country on the ground stated. His subsequent resort to "ways that were dark and tricks that were vain," throws an interesting light on the Chinese character; but it does not deprive him of the rights which he then acquired. Leung Jun v. U. S., 171 Fed. 413, 96 C. C. A. 369. Oral evidence was rightly admitted to show on which of several possible grounds the commissioner's judgment of 1897 was based. Washington, etc., Steam Packet Co. v. Sickles, 24 How. 333, 345, 16 L. Ed. 650.

The order of the commissioner is reversed, and the appellant is discharged.