ANNETTA S. MERRILL *et alii vs.* KATE ATWOOD *et als.*

DECEMBER 29, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Wills.  Trusts.  Supplemental Instrument as Part of Trust.*
Opinion in *Merrill* v. *Boal,* 47 R. I. 274, sustained.

*(2)  Wills.  Briefs.  Judgments.  Evidence.  Issues.*
To determine the issues in a decided cause, the court may use the briefs filed in said cause and such evidence is admissible for the purpose of determining what has been adjudicated and thus included in a judgment, particularly in an action where there are no pleadings from which the issues may be determined.

*(3)  Wills.  Construction of Wills.  Parties.  Trusts.*
In a bill in equity for the construction of a will, a beneficiary under a trust, created by the will is a proper party respondent.

*(4)  Wills.  Construction of Will.  Parties.  Withdrawal as Party.*
Where a party respondent to a bill in equity for the construction of a will, has for more than four years, remained in the cause as a respondent and filed his answer, he should not be permitted without a strong showing of necessity for relief, to confuse the cause by withdrawing.

BILL IN EQUITY FOR CONSTRUCTION OF WILL. Certified under G. L. 1923, cap. 339, sec. 35.

RATHBUN, J. This is a bill in equity brought in the Superior Court for the construction of the will of Theodore M. Davis, late of Newport, Rhode Island, deceased. The case, after being heard on bill, answer and proof, being ready for hearing for final decree was, as required by Section 35, Chapter 339, G. L. 1923, certified to this court for determination.

It appears that said Davis on August 14, 1911, executed an instrument in the form of a will which, after his decease,

was on April 5, 1915, admitted to probate as his last will
and testament by the probate court of said Newport.   By
the ninth clause of said instrument he devised the remainder
in certain real estate in said Newport, after the death of the
two persons to whom he had by a previous clause devised a
life estate therein, to the Rhode Island Hospital Trust Com-
pany in trust to convert the same into cash and "distribute
the net proceeds to the same persons and in the same pro-
portions as they are entitled to the principal" of the tes-
tator's trust estate held by said trust company.   The trust
estate referred to in said clause was also mentioned in a
preceding clause of the will and was created by the testator
by depositing with said trust company certain securities to
be held and managed by said company in trust, as provided
by the terms of the trust instrument executed by him and
the Trust Company.   The terms of said instrument directed
the Trust Company to pay the income therefrom to said
Davis during his life and at his death, after making certain
payments as directed by said instrument to be made upon
his decease, to distribute the principal of the remaining
trust estate together with accumulations in certain specified
proportions to and among the persons specified therein, who
include the complainants and certain of the respondents
herein.   Said trust instrument bears the same date as the
instrument probated as a will and was to all intents and
purposes executed at the same time as the will.   The trust
instrument was also executed with all the statutory for-
malities required to be observed in making a will, the im-
portance of which will later appear.

    The survivor of the two persons to whom the life estate
in said real estate was devised has deceased and the persons
specified in said trust agreement to take the residue of the
*inter vivos* trust estate contend that they are entitled to re-
ceive the proceeds from the sale of said real estate.   Re-
spondent Kate Atwood contends that, because said trust
instrument contains a provision whereby Mr. Davis reserved
the right to change the beneficiaries and the shares which

they would take at his death in the *inter vivos* trust estate, said instrument, by reason of the Statute of Wills, cannot be used in connection with the will to point out the persons who under the will are to take said real estate; and that, consequently, said real estate did not pass under the will but descended as intestate property to her as the sole surviving heir at law of Mr. Davis.

After this bill was filed, the above contention being anticipated, said trust instrument was presented for probate and was later, in compliance with a decree of the Superior Court entered by order of this court, duly admitted to probate as a part of the will of said Davis.

The pleadings have been amended by adding to the bill of complaint an allegation that said trust instrument has been duly admitted to probate as a part of the will of said Davis and a statement of the travel of the probate proceedings relative to said instrument through said probate court, the Superior Court and this court. Documentary evidence establishing said allegation and statements was admitted at the hearing of testimony by the master under the direction of the Superior Court.

When the trust instrument was first presented, the probate court refused to admit said instrument to probate, and an appeal was taken to the Superior Court which sustained the probate court, and exceptions were taken by the proponents from the decision of the Superior Court to this court. In passing upon said exceptions and the issues involved we determined between the same parties as are now before us the question which is here presented. See *Merrill v. Boal*, 47 R. I. 274, 132 Atl. 721. The probating of the trust instrument, of course, had no effect upon the *inter vivos* trust property, but after being probated said instrument was a part of the probated will of Mr. Davis.

In the *Merrill* case it was recognized that a testator could not, because of the Statute of Wills, make a valid testamentary disposition by providing in his will that property should pass to such persons as he might designate in

a mere letter thereafter to be written by him; but we held
that the testator, having executed a will with the intention
that the two instruments—together constituting a will—
should, after his death—unless he revoked or modified
said will—dispose of property which he owned at the time
of his decease, the testamentary disposition was not ren-
dered invalid because he may have thought that he could
modify his will without observing the statutory formalities
—as by adding a codicil—even although he inserted in
the will a provision purporting to reserve the right to do so.
In other words, regardless of any supposed ignorance of the
law or intention to reserve a right to modify his will in a non-
testamentary manner, the testator had made a valid will
which could be modified or revoked only in accordance
with the Statute of Wills.   In determining whether an instru-
ment should be probated as a will, a court, ordinarily,
would not be called upon to construe the instrument or deter-
mine the question of the validity or invalidity of any of its
provisions; but in the *Merrill* case said Atwood put in issue
the question which is here presented and, in order to hold
as we did that Mr. Davis acted *animo testandi* in executing
said instrument it was necessary to find—and we did so
find—that the trust instrument together with the main will
made a valid testamentary disposition of the property men-
tioned in the ninth clause of the main will—including the
real estate in question—and that the clause purporting to
reserve the right to revoke in a nontestamentary manner
did not invalidate the testator's scheme of linking together
the two instruments, the main will and the trust instru-
ment, for disposing of any of said property.

In the *Merrill* case said Atwood contended before us that
the trust instrument was not executed in the manner required
by the Statute of Wills; that the trust estate mentioned in
the main will was not the same trust estate as the one created
by the trust deed, which we have referred to as the trust
instrument, and that the trust instrument was not executed
*animo testandi*.   The decision was adverse to each of her

said contentions. She argued that Davis did not act *animo testandi* because the attempted reservation invalidated the whole scheme and showed a lack of *animus testandi*. The point was briefed and argued on the theory that the trust instrument was not entitled to be probated because the revocation clause rendered the scheme an invalid attempt to make a testamentary disposition of property. Had we sustained her contention that the attempted reservation rendered the testamentary scheme adopted—by linking the two instruments together—invalid, the order would not have been entered by us directing the probate of the trust instrument.

The opinion in *Merrill* v. *Boal, supra,* speaks for itself as to what was there decided, but in order to substantiate our statement here as to what the issues were we have made reference to the briefs in that case. Such evidence is admissible for the purpose of determining what has been adjudicated and thus included in a judgment, particularly in an action of this nature where there are no pleadings from which the issues may be determined. That extrinsic evidence may be received in such a case for such purposes see *Paine* v. *Schenectady Ins. Co.,* 12 R. I. 440; *Holbrook* v. *J. J. Quinlan & Co.,* 80 Atl. (Vt.) 339; *United States* v. *Lew Ah Jung,* 224 Fed. 649; *Jepson* v. *International Fraternal Alliance,* 17 R. I. 471; *Martin* v. *Stranger,* 29 R. I. 464; *Frost* v. *International Rubber Co.,* 37 R. I. 406, 410; *Angell* v. *Angell,* 14 R. I. 541; *Thornton* v. *Baker,* 15 R. I. 553.

We may have proceeded at unnecessary length in view of the decision in *Merrill* v. *Boal, supra,* which should have settled the question once and for all. But after extended arguments in that case, followed by a decision and then a motion by said Atwood for a reargument, which was denied, we find her again presenting precisely the same argument on an issue which was settled in that case. However, it is possible that this case would not have been brought had it not been commenced before our decision in the *Merrill* case was rendered.

At the hearing before us respondent Theodore Davis Boal appeared by counsel and moved that he be permitted to withdraw his answer filed in this case June 24, 1922, and that he be dismissed as a party. He admits in said motion that, "in case the complainants should prevail herein", he is one of the persons who will be entitled to receive a distributive share of said real estate from the Rhode Island Hospital Trust Company as trustee. His position is that his interest as beneficiary is represented by the trustee and that a beneficiary is not a proper party. We can not agree with his contention that in a case of this nature a beneficiary is not a proper party. See Story's Equity Pleading, §207; *Minnesota* v. *Northern Securities Co.,* 184 U. S. 199; *D'Wolf* v. *D'Wolf,* 4 R. I. 450. Furthermore, for more than four years, Mr. Boal apparently considered himself a proper party. A person who has delayed so long with no excuse even suggested, should not, without a strong showing of necessity for relief, be permitted at the last moment to throw confusion and uncertainty into a case. The motion is denied.

It appears by stipulation filed with the papers herein that during the pendency of this cause the real estate in question has, in accordance with an agreement by and between all interested parties, been sold by the Rhode Island Hospital Trust Company and that said company holds the proceeds for the benefit of whomsoever may be entitled thereto.

Our decision is that Mr. Davis did not die intestate as to the real estate in question and that the devise by the main will and the trust instrument of said real estate to the Rhode Island Hospital Trust Company was valid and effectual.

The parties may present a form of decree in accordance with this opinion.

SWEENEY, J., dissenting. I am obliged to dissent from that portion of the opinion which holds that in *Merrill* v. *Boal,* 47 R. I. 274, 132 A. 721 the court determined the question which is here presented.

That case involved only the admission to probate a certain trust deed as a part of the will of Mr. Davis. The

Probate Court, originally, and the Superior Court on appeal, each held that the trust deed was not executed *animo testandi* and dismissed the petition for probate. The appellant Merrill brought the case to this court by her bill of exceptions and the court held that the trust deed was executed *animo testandi* and ordered a decree entered in the Superior Court admitting the trust deed to probate as a part of the will.

The sole issue in that case was whether the trust deed should be admitted to probate. This issue involved in no way the construction of the will of Mr. Davis, which was admitted to probate April 5, 1915. The Superior Court has no authority to construe a will. So held in *Town of South Kingstown* v. *Wakefield Trust Co.*, 48 R. I. 27. The statute provides that all bills in equity for the construction of any will or trust deed shall be certified to this court for its determination by the Superior Court whenever the cause is ready for hearing for final decree. §(4968) General Laws 1923. The case now before us shows an application of this rule, it being a bill in equity brought in the Superior Court for the construction of the ninth clause of the will of Mr. Davis and certified to this court for determination; it being ready for hearing for final decree. The validity or effect of the ninth clause of the will of Mr. Davis was not construed in *Merrill* v. *Boal, supra. A fortiori* the validity and effect of the trust deed as a part of his will could not be determined until after the trust deed had been admitted to probate.

STEARNS, J., concurs in the dissenting opinion of SWEENEY, J.

*Eliot G. Parkhurst, Elmer E. Tufts, Jr., John S. Dole, Edwards and Angell, Edward M. Burke, Dudley Phelps,* for complainants.

*Tillinghast and Collins,* for R. I. Hos. Tr. Co.

*Huddy and Moulton, George H. Huddy, Jr., E. Butler Moulton, Lyman K. Clark,* for Kate Atwood.

*James C. Collins, Herbert A. Rice, Charles H. Koehne, Jr.,* for certain respondents.