MATTER OF F——

In DEPORTATION Proceedings

A-8363769

*Decided by Board November 10, 1959*

Conviction—By foreign court martial sustains deportability under section 241(a)(1) of 1952 act.

Conviction of crime involving moral turpitude by foreign court martial is competent to sustain deportability under section 241(a)(1) of 1952 act based upon inadmissibility at the time of entry. (*Gubbels* v. *Hoy*, 261 F.2d 952, distinguished.)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable because convicted of looting and theft.

**BEFORE THE BOARD**

**Discussion:** The respondent appeals from an order entered by the special inquiry officer July 28, 1959, directing his deportation under section 241(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(1)) as an alien excludable by the law existing at the time of his last entry, to wit, one who has been convicted of a felony or other crime or misdemeanor involving moral turpitude (section 3, Immigration Act of February 5, 1917; 8 U.S.C. 136 (1940 ed.)). Exceptions have been taken to the finding of deportability.

The facts of the case are not in controversy. It is conceded that the respondent is an alien, a national of the Netherlands, male, married, 35 years of age; and that he last entered the United States for permanent residence through the port of New York on August 9, 1952. He was convicted on October 4, 1947, by a court martial of the Naval Forces of the Netherlands in the East Indies, for two offenses, namely, looting committed in January of 1947, and theft committed on April 7, 1947.

The issues raised on appeal are twofold. The respondent urges in the first instance that a conviction by a foreign military tribunal in time of war should not be afforded the same dignity as a conviction by a civil court of his peers. Respondent, in other words, maintains that as a matter of law a judgment by a foreign court

469

martial will not support an order of deportation based upon a provision of the immigration laws which provides for the deportation of an alien who was excludable at the time of entry as one "who (has) been convicted of * * * a felony or other crime or misdemeanor involving moral turpitude" (section 241(a)(1), Immigration and Nationality Act; section 3, Immigration Act of February 5, 1917). Respondent cites no authority to support his position.

The issue of whether a sentence imposed by a military court or court martial is within the contemplation of the criminal provisions of the immigration laws has been before the Federal Courts on at least two occasions. The United States District Court for the District of Columbia in the case of *Friedenberg* v. *Brownell*, April 28, 1954, Civil Action No. 2225-53, unreported, ruled that a criminal conviction by a United States court martial in Germany was not a conviction "in this country" within the purview of section 19(a) of the Immigration Act of 1917, as amended (8 U.S.C. 155(a), 1940 ed.).[1] The court reasoned that it was bound by the plain common-sense meaning of the words "in this country" as found in section 19(a), *supra*.

The United States Court of Appeals for the 9th Circuit in the recent case of *Gubbels* v. *Hoy*, 261 F.2d 952, November 14, 1958, ruled that an alien convicted of crimes involving moral turpitude on two occasions by a United States court martial in Germany was not subject to deportation under section 241(a)(4) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(4)).[2] The court held that when subsection (a)(4) is read in conjunction with subsection (b)(2) of section 241,[3] it refers only to sentences imposed by civil

---

[1] That portion of section 19(a) pertinent here renders an alien deportable who, after May 1, 1917, "is sentenced to imprisonment for a term of one year or more because of conviction *in this country* of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States" (emphasis supplied).

[2] The pertinent portion of section 241(a)(4) reads as follows: "Any alien in the United States (including an alien crewman) who— * * * (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether the convictions were in a single trial."

[3] Section 241(b)(2) reads: "The provisions of subsection (a)(4) respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter * * *."

470

criminal courts, and *a fortiori* sentences imposed by military tribunals are not within the contemplation of section 241(a)(4) (*supra*²). The court reasoned that the qualifying provision of subsection (b)(2) is an important part of the legislative scheme expressed in subsection (a)(4) of section 241 (*supra*²) and this provision extends to the alien an important right or privilege which is not readily available to an alien convicted by a military court.

We find no factors in respondent's case comparable to those before the court in either the *Friedenberg* or *Gubbels* cases. Unlike Friedenberg, respondent's deportation is not sought under a provision of the immigration laws which requires a conviction "in this country." Section 241(a)(1) of the Immigration and Nationality Act does not extend to the respondent "any important right or privilege" whereby deportation could be avoided by a recommendation of the sentencing tribunal. Furthermore, such a recommendation by a foreign tribunal would not preclude the respondent's deportation or exclusion (*Matter of B——*, 7 I. & N. Dec. 166 (B.I.A., 1956); *Mercer* v. *Lence*, 96 F.2d 122 (C.C.A. 10, 1938), cert. den. 305 U.S. 611).

Section 241(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(1)) renders an alien deportable who "at the time of entry was * * * excludable by the law existing at the time of such entry." Respondent last entered on August 9, 1952, at a time when section 3 of the 1917 act, *supra*, excluded aliens "* * * who have been convicted of * * * a felony or other crime or misdemeanor involving moral turpitude."

It is well settled that crimes concerned with the theft of property involve moral turpitude (*United States ex rel. Rizzio* v. *Kenney*, 50 F. 2d 418 (D.C. Conn., 1931)). It is also established law that the record of a foreign court showing conviction is to be taken as conclusive evidence of conviction of the crimes disclosed by it (*United States ex rel. Mylius* v. *Uhl*, 203 Fed. 152, affd. 210 Fed. 860 (C.C.A. 2, 1914)).

The respondent at the time of his conviction on October 4, 1947, was a member of the Armed Forces of the Netherlands stationed in India. The Supreme Court of the United States has recognized the power of the military to exercise jurisdiction over persons *directly* connected with the armed forces of a nation (*Duncan* v. *Kahanamoku*, 327 U.S. 304, 313 (1946), and cases cited).⁴ The Supreme Court has also held that the judgments of a court martial when concerned with military personnel "* * * rest on the same

---

⁴ We are cognizant of the recent rulings by the Supreme Court that military tribunals have no jurisdiction over civilians *indirectly* connected with the armed forces of a nation (*United States ex rel. Toth* v. *Quarles*, 350 U.S. 11 (1955); *Reid* v. *Covert*, 354 U.S. 1 (1957)).

basis, and are surrounded by the same considerations which give conclusiveness to the judgments of other legal tribunals, including as well the lowest as the highest, under like circumstances" (*Ex parte Reed*, 100 U.S. 13, 23 (1879)).

The immigration laws must be uniformly administered and immigration officers acting in an administrative capacity are in no position to go behind the record to inquire into the legal status of the tribunal whose judgment of conviction is before us. There are exceptions to this rule and we have on rare occasions determined that a foreign court did not have jurisdiction because the alien was convicted *in absentia* (*Matter of K——*, A-8020497 (B.I.A., Aug. 6, 1952, unreported); cf. *Ex parte Koerner*, 176 Fed. 478 (Wash., 1909); *Matter of W——*, A-6833631 (B.I.A., Oct. 7, 1953, unreported)). We have on occasion held that an alien has not been convicted of an offense involving moral turpitude when the record of conviction shows on its face that the offense was political or that he was charged because of political considerations (*Matter of B——*, 1 I. & N. Dec. 47 (Atty. Gen., 1941); *Matter of B——*, E-89552 (B.I.A., Feb. 5, 1954, unreported)). Since the respondent's case does not present factors which would bring it within any of the exceptions to the general rule, we conclude that his conviction by a court martial has the same finality as that of a civil court.

The respondent urges that assuming, but not conceding, his conviction by a military court supports the order of deportation he is not deportable because the offenses were committed prior to the effective date of the Immigration and Nationality Act, December 24, 1952, and therefore section 241(a)(1) does not apply to him. It is well established that the Immigration and Nationality Act of 1952 is retroactive in its effect (*Harisiades* v. *Shaughnessy*, 342 U.S. 580; *Carlson* v. *Landon*, 342 U.S. 524; *Matter of A——*, 6 I. & N. Dec. 540, and cases cited).

The respondent is married and his wife and 3 minor children reside in the United States. His wife is a lawful permanent resident alien and his youngest child was born in the United States There is no application for discretionary relief before us. However discretionary relief does not appear to be available for the re spondent inasmuch as he is deportable as a criminal alien. Th appeal will be dismissed.

**Order:** It is directed that the appeal be and the same is herel dismissed.

472